Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:      (916) 447-8336
E-Mail:          mark@markmerin.com
                      paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF JEREMIAH WRIGHT, A.W.,
RODNEY WRIGHT, and ELLEN WRIGHT

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

38-year-old JEREMIAH WRIGHT was permitted to access and ingest a fatal quantity of fentanyl and denied necessary supervision and treatment while incarcerated as a pretrial detainee at the Stanislaus County Sheriff's Detention Center in custody of the COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and Sheriff JEFF DIRKSE, resulting in death on May 27, 2024.

## **JURISDICTION & VENUE**

1.     This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to

1

1   address deprivations, under color of state authority, of rights, privileges, and immunities protected by the

2   U.S. Constitution). This Court has jurisdiction of the state claims under 28 U.S.C. § 1367.

3         2.      Venue is proper in the United State District Court for the Eastern District of California

4   pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and

5   because many of the acts and/or omissions described herein occurred in the Eastern District of California.

6         3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of

7   California pursuant to Local Rule 120(d) because the claims asserted herein arise from acts and/or

8   omissions which occurred in the County of Stanislaus, California.

9   **EXHAUSTION**

10         4.      On June 17, 2024, the ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT,

11   and ELLEN WRIGHT submitted a government claim to the COUNTY OF STANISLAUS and

12   STANISLAUS COUNTY SHERIFF'S DEPARTMENT relating to the claims asserted in this action.

13   (Claim No. GHC0073611.)

14         5.      By August 5, 2024, the COUNTY OF STANISLAUS and STANISLAUS COUNTY

15   SHERIFF'S DEPARTMENT failed or refused to act on the claim.

16   **PARTIES**

17         6.      Plaintiff ESTATE OF JEREMIAH WRIGHT appears by and through real-party-in-

18   interest Plaintiff A.W., the biological child of JEREMIAH WRIGHT, who brings this action pursuant to

19   California Code of Civil Procedure § 377.30. Plaintiff A.W. brings this action as the successor-in-interest

20   on behalf of JEREMIAH WRIGHT. A declaration regarding Plaintiff A.W.'s status as the successor-in-

21   interest to JEREMIAH WRIGHT is attached, pursuant to California Code of Civil Procedure § 377.32.

22         7.      Plaintiff A.W. is a resident of the County of Stanislaus, California. Plaintiff A.W. is the

23   biological son of JEREMIAH WRIGHT. Plaintiff A.W. brings this action: (1) in a representative

24   capacity, as the successor-in-interest on behalf of JEREMIAH WRIGHT; and (2) in an individual

25   capacity, on behalf of himself.

26         8.      Plaintiff RODNEY WRIGHT is a resident of the County of Stanislaus, California.

27   Plaintiff RODNEY WRIGHT is the biological father of JEREMIAH WRIGHT. Plaintiff RODNEY

28   WRIGHT brings this action in an individual capacity, on behalf of himself.

9.      Plaintiff ELLEN WRIGHT is a resident of the County of Powell, Montana. Plaintiff ELLEN WRIGHT is the biological mother of JEREMIAH WRIGHT. Plaintiff ELLEN WRIGHT brings this action in an individual capacity, on behalf of herself.

10.     Defendant COUNTY OF STANISLAUS is a "public entity," pursuant to California Government Code § 811.2, located in the State of California.

11.     Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT is a "public entity," pursuant to California Government Code § 811.2, located in the County of Stanislaus, California.

12.     Defendant JEFF DIRKSE is and was, at all times material herein, a law enforcement officer and Sheriff for Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant JEFF DIRKSE is sued in an individual capacity.

13.     Defendant COLTON DUTEY is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant COLTON DUTEY is sued in an individual capacity.

14.     VICTOR SANTOYO is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant VICTOR SANTOYO is sued in an individual capacity.

15.     Defendants DOE 1 to 20 are and/or were agents or employees of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and/or California Forensic Medical Group, Inc. dba Wellpath LLC, acting within the scope of agency or employment and under color of state law. Defendants DOE 1 to 20 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

**GENERAL ALLEGATIONS**

16.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

\ \ \

3

**Availability Of Drugs**

17.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE are responsible for supervising all aspects of the correctional facilities under their supervision, including the Stanislaus County Sheriff's Detention Center.

18.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE's correctional facilities are overrun with drugs, including fentanyl, which are readily available to inmates. In particular, drugs are available to inmates in the Stanislaus County Sheriff's Detention Center.

19.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE permit drugs to arrive at correctional facilities under their supervision by way of inmates, employees, and/or contractors who smuggle contraband into the correctional facilities. For example, Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE's policies and custom do not require employees or contractors to be thoroughly searched prior to entering correctional facilities which contributes to the risk and problem of drugs entering the correctional facilities.

20.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE were aware that drugs were routinely smuggled into the jail and that inmates were overdosing upon obtaining drugs within the jail. For example:

(a)     On January 19, 2024, a 51-year-old male pretrial detainee died of "Fentanyl Intoxication" while in custody at the Stanislaus County Sheriff's Detention Center West, Housing Unit F.

(b)     On November 25, 2023, a 37-year-old male pretrial detainee died of "Mixed Drug Intoxication" while in custody at the Stanislaus County Sheriff's Detention Center West, Housing Unit E.

(c)     On January 30, 2022, two inmates overdosed on drugs inside of their cell while in custody at the Stanislaus County Sheriff's Detention Center. The inmates took the drugs inside of their cell in the morning but were not discovered by jail staff some time later until 11:50 a.m. 27-year-old Quyen Tran died from overdose but his cellmate survived after receiving emergency treatment.

21.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE maintained deficient policies and customs related to drug

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Wright v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

screening, detection, and searches necessary to ensure the safety of inmates, including inadequately searching inmates and jail staff at the Stanislaus County Sheriff's Detention Center which caused the jail to become—and to continue to be—overrun with drugs. Further, Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE failed adequately to train jail staff to screen, detect, and search for drugs and prevent drugs from entering the correctional facilities.

22.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE maintained deficient policies and customs related to treating overdoses occurring in correctional facilities, despite the known presence and availability of drugs and resulting risk of overdose.

23.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE maintain Stanislaus County Sheriff's Department Policy & Procedure Manual – Adult Detention Division, Policy 8-01.10 (Naloxone HCl (Narcan Nasal Spray)), which expressly recognizes the overdose risk and need for training and maintaining supplies related to "opiate overdose" by inmates in jail facilities.

**Arrest**

24.     On May 23, 2024, around 10:56 p.m., JEREMIAH WRIGHT was driving a vehicle in Modesto, California.

25.     California Highway Patrol officer P. Camara reported JEREMIAH WRIGHT's vehicle turned against a red light without coming to a stop and was "veering" between road lanes.

26.     P. Camara conducted a vehicle stop on JEREMIAH WRIGHT who pulled-over his vehicle.

27.     P. Camara reported that JEREMIAH WRIGHT was unable to produce a driver's license; that a records check revealed that JEREMIAH WRIGHT's driver's license was suspended; that JEREMIAH WRIGHT exhibited signs of intoxication, including "strong odor of an alcoholic beverage," "red and watery" eyes, and "slurred" speech; that JEREMIAH WRIGHT stated he "had six shots of vodka" from 1:00 p.m. to 7:00 p.m.; and that JEREMIAH WRIGHT was "unable to perform" balance and stand field sobriety tests due to an "injured leg."

28.     P. Camara reported two preliminary alcohol screening (PAS) tests yielded the following results: (1) around 11:19 p.m., JEREMIAH WRIGHT's breath sample produced a blood alcohol content (BAC) reading of .269%; and (2) around 11:23 p.m., JEREMIAH WRIGHT's breath sample produced a blood alcohol content (BAC) reading of .268%.

29.     P. Camara arrested JEREMIAH WRIGHT for violation of California Vehicle Code § 23152(a) (misdemeanor driving under the influence).

30.     JEREMIAH WRIGHT was transported to the Doctors Medical Center in Modesto, California.

31.     On May 24, 2024, around 12:07 a.m., at the hospital, Kim Nguyen, a registered nurse (RN), performed a blood draw and collected a blood sample from JEREMIAH WRIGHT's right arm.

**Booking**

32.     JEREMIAH WRIGHT was transported to the Stanislaus County Sheriff's Detention Center in Modesto, California.

33.     Around 1:15 p.m., JEREMIAH WRIGHT was booked into the jail as a pretrial detainee, in the custody of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE.

34.     P. Camara reported that, during the booking process, Levine, a sheriff's deputy, located a small plastic bag containing "blue colored pills" in JEREMIAH WRIGHT's wallet which were determined to be 30mg Oxycodone pills.

35.     P. Camara also charged JEREMIAH WRIGHT with violation of California Penal Code § 4573.5 (bringing controlled substances into custody) and California Health & Safety Code § 11350(a) (possession of a controlled substance).

36.     Around 1:18 a.m., Rachel Hiller, a registered nurse (RN), generated an intake medical screening for JEREMIAH WRIGHT. Therein, Rachel Hiller reported, among other information:

(a)     "Appearance: Dirty/Disheveled"

(b)     "Speech: Slurred"

(c)     "Mood: Angry" and "Tearful"

(d)     "Diabetes[:] Yes" with "Current Medications: … BORDERLINE, ATE 3 DAYS

6

AGO"

(e)     "High Blood Pressure[:] Yes" with "Current Medications: … UNKNOWN MEDS, UNKNOWN WHEN TOOK LAST, UNKNOWN PHARMACY AND NO PCP"

(f)     "Asthma[:] Yes" with "Current Medications: … LAST ATTACK 2 DAYS AGO, POOR HISTORIAN IF ON INH, LCTA"

(g)     "Seizure Disorder[:] Yes" with "Current Medications: … GRANDMAL, LAST ONE A COUPLE YEARS AGO, 'I WAS ON 8 MEDS', NO MEDS IN A COUPLE WEEKS, UNKNOWN NAME/PHARMACY";

(h)     "other past or present conditions … : Yes (List and Explain): (DX WITH LEUKEMIA AGE 13, HAD BONE MARROW TRANSPLANT AT UCSF"

(i)     "medications or treatments prescribed by a health care provider[:] Yes" with "List: … NORCO USED TODAY, BEEN ON FOR A WEEK, TAKES 3-4 DAILY. TAKES MOTRIN 5-10 DAILY"

(j)     "Painful dental condition/complaint(s)[:] Yes ('ALL TEETH HURT')";

(k)     "Alcohol[:] Yes (HAS BEEN TO REHAB, 1/5 VODKA DAILY X 10 YEARS W/D-SHAKES)" with "Frequency: daily" and "Prior withdrawal: … Tremors"

(l)     "Tobacco Products[:] Yes" with "Pack(s) Per Day: 2" and "Duration: YEARS"

(m)     Current or past mental health diagnosis[:] … Yes (Describe/list): (DEPRESSION)" with "medication[:] Yes" and "Explain: Inactive"

(n)     Current or past outpatient treatment for mental health or psychiatric issues[:] Yes" with "in a hospital for emotional, mental health and/or psychiatric problems[:] Yes (Reason for hospitalization, When/Where, Duration): (DBHC [Doctors Behavior Health Center])"

(o)     "concerns about, or recent history of, losing a job, spouse, significant other, custody of children, housing, or other significant loss due to arrest[:] Yes (Explain): ('ALL')" with "concerns about ability to cope emotionally/manage stress[:] Yes (Explain): (ANXIOUS)"

(p)     "Monitoring: … CIWA [Clinical Institute Withdrawal Assessment Alcohol Scale]" and "Yes" in response to the inquiry "Does patient need a referral?"

37.     Around 1:41 a.m., Rachel Hiller generated a "CIWA-Ar Score Sheet: Alcohol and/or

Benzodiazepine Withdrawal" form. Therein, Rachel Hiller reported, among other information, "TOTAL SCORE: 2 (max score 67)" with "Comments: 0141 CIWA, SKIN DRY/NORMAL COLOR FOR RACE, RESPIRATIONS EVEN/UNLABORED, SPEECH SLURRED, STEADY GAIT, NO TREMORS NOTED, ENCOURAGED FLUIDS, IN SOBERING."

38. Around 2:06 a.m., Rachel Hiller generated a "CIWA - Alcohol and Benzodiazepine Withdrawal Practitioner Order Sheet - FOR USE DURING LIBRIUM SHORTAGE." Therein, Rachel Hiller reported, among other information:

    (a)    "*CIWA-Ar assessments will be performed every 8 hours x 5 days. … Yes."

    (b)    "housing classification: Bottom bunk for 5 days"

    (c)    "electrolyte replacement drink at each encounter (8oz min.) REQUIRED[:] Yes"

    (d)    "Hold Librium/Valium if SBP ≤ 90 or DBP ≤ 60, or pulse ≤ 60" with "Diazepam (Valium) 10mg by mouth every 8 hours for first 72 hours, then by mouth every 12 hours for the next 48 hours," "Folic acid 1mg by mouth QD for 5 days," "Thiamine HCL (Vitamin B1)100mg (1 tablet) by mouth QD for 5 days," and "Meclizine HCl (Antivert) 25 mg by mouth every 8 hours as needed for 3 days"

    (e)    "HCP [healthcare provider] visit next available day (Specify Date Scheduled): [blank]"

39. Around 2:10 a.m., Rachel Hiller generated a "Medical Treatment Order for Patient Housing" form. Therein, Rachel Hiller reported, among other information:

    (a)    "Condition/Disability: Seizure Condition"

    (b)    "Condition/Disability: Drug/Alcohol Withdrawal"

    (c)    "Treatment/Accommodation/Housing Order: Lower Tier"

    (d)    "Treatment/Accommodation/Housing Order: Lower Bunk"

    (e)    "Name of Medical Provider: S. BASSI, FNP"

    (f)    "Name of Nurse: R. HILLER, RN"

    (g)    "notified on the Correctional Staff[:] SANTOYA"

40. Around 7:12 a.m., Rachel Hiller generated a "Sick Call" SOAP note. Therein, Rachel Hiller reported, among other information:

8

(a)    "Subjective: 0012 INTAKE PT CAME IN WITH PILLS IN A BAG TO INTAKE- NEW CHARGES ADDED TOPT'S STAY. OXYCODONE 30 MG, PT STATED THEY ARE VIAGRA. INFORMED PT THEY ARE NOT. HX OF HTN, CANCER, BORDELINE DIABETES, HX OF TX FOR ETOH W/D AT A REHAB, MH HX, POOR HISTORIAN TO SOME QUESTIONS, TEARFUL AND SLURRED SPEECH, STEADY GAIT, SMELLS OF ETOH, PT PACED IN SOBERING"

(b)    "Objective: SKIN DRY/NORMAL COLOR FOR RACE, RESPIRATIONS EVEN/UNLABORED, SPEECH SLURRED, STEADY GAIT, PERRL-4, TEARFUL, DIRTY/DISHEVELED"

(c)    "Assessment: INEFFECTIVE HEALTH MAINTENANCE KNOWLEDGE DEFICIT"

(d)    "Plan: SOBERING CELL CIWA D/C FOLLOW UP BB/BT MH EVAL"

**Sobering Cell**

41.    JEREMIAH WRIGHT was housed in a single-inmate sobering cell in the Stanislaus County Sheriff's Detention Center, Housing Unit B.

42.    Around 5:15 a.m., Avtar Singh, a vocational nurse (LVN), generated a "Sobering/Safety/Restraints" form. Therein, Avtar Singh reported, among other information: "sobering [medications] refused at 0515, next check due at 0915. upon reaching to cell window pt is laying on left side, refused to do vs check, pt has clear speech, respiration even and unlabored, skin clear and appropriate to ethnicity, pt appears well, NADN."

43.    Around 6:17 a.m., Jacquelyne Leon, a registered nurse (RN), reported that JEREMIAH WRIGHT "Refused" medications, including diazepam (Valium), folic acid, meclizine (Antivert), and thiamine (vit B-1).

44.    Around 7:46 a.m., Sunny Bassi, a family nurse practitioner (FNP), generated a "Sick Call" SOAP note. Therein, Rachel Hiller reported, among other information:

(a)    "Subjective: F/U - CIWA HPI - seen thru door in sobering cell, vs deferred, patient would not get up for visit initially, then later discussed how important today's visit was be for him to cleared and be moved out into a more comfortable cell, but if he refuses to comply it would extend his

9

time. Pt then took few minutes to get himself from side lying position to standing, reports 'fifth of vodka for years' Poor historian today. ROS - reports weakness, fatigue, tremors, denies blurred vision, HA, dizziness/vertigo, diaphoresis, sob, cough, chest pain, abd pain, bladder/bowel dysfunction PMHx - at intake reported verified 'OXYCODONE 30 MG, PT STATED THEY ARE VIAGRA' Reported hx of HTN, Cancer, Borderline DM. Dx/Labs - none HRB - ETOH Daily; report he has been to rehab in the past no further details provided. Allergies - VANCO, SULFA, BENADRYL."

(b)     "Objective: GEN – NAD, cooperative, alert. Not ill-appearing, afebrile. VS deferred, Unpredictable. SKIN –Color appropriate to race RESP – Even/unlabored. EXT – Patient able to get self from side lying position to standing, took few steps to come to front of door. steady gait."

(c)     "Assessment: F10.9 Alcohol use, unspecified F11.9 Opioid use, unspecified"

(d)     "Plan: Rx - Essential Rx Renewed Tx - CIWA F/U - NSC PRN Labs - None Discharge - PCP F/U upon release. Edu - NSC PRN Eval - Stable, NAD."

45.     Around 11:00 a.m., Irene Garrad, a vocational nurse (LVN), generated a "CIWA-Ar Score Sheet: Alcohol and/or Benzodiazepine Withdrawal" form. Therein, Irene Garrad reported, among other information, "TOTAL SCORE: [*blank*] (max score 67)" with "Comments: Patient instructed on the monitoring and medication process. Patient checked during booking process. Respirations even and unlabored, skin warm and dry, clear speech."

46.     Around 11:25 a.m., Lori Baird, a registered nurse (RN), reported that JEREMIAH WRIGHT "Received" medications, including diazepam (Valium) and meclizine (Antivert).

47.     Around 4:30 p.m., Phajikarn Tse, a registered nurse (RN), generated a "CIWA-Ar Score Sheet: Alcohol and/or Benzodiazepine Withdrawal" form. Therein, Phajikarn Tse reported, among other information, "TOTAL SCORE: 5 (max score 67)" with "Comments: CIWA Monitoring completed at 1630. NAD. Pt ambulated to cell door slow with steady gait. A&Ox4. Breathing even and unlabored. PERRLA 3 mm. Speech clear, cooperative, answering question with full sentences and appropriate. Skin w/d/well perfused/ appropriated for race. Reported HA/ nausea. Tremor noted. Increasing fluid strongly encouraged."

48.     Around 6:12 p.m., Phajikarn Tse reported that JEREMIAH WRIGHT "Received" medications, including diazepam (Valium) and meclizine (Antivert).

10

49.     On May 25, 2024, around 4:06 a.m., Phajikarn Tse generated a "CIWA-Ar Score Sheet: Alcohol and/or Benzodiazepine Withdrawal" form. Therein, Phajikarn Tse reported, among other information, "TOTAL SCORE: 6 (max score 67)" with "Comments: CIWA Monitoring completed at 0406. NAD. Pt ambulated to cell door slow with steady gait, sit at cell door for VS. A&Ox4. Breathing even and unlabored. PERRLA 3mm. Speech clear, cooperative, answering question with full sentences and appropriate. Skin w/d/well perfused/appropriated for race. Reported HA/nausea. Tremor noted. Increasing fluid strongly encouraged."

50.     Around 5:11 a.m., Phajikarn Tse reported that JEREMIAH WRIGHT "Received" medications, including diazepam (Valium), folic acid, meclizine (Antivert), and thiamine (vit B-1).

51.     Around 9:00 a.m., Manuel Hernandez, a licensed vocational nurse (LVN), generated a "CIWA-Ar Score Sheet: Alcohol and/or Benzodiazepine Withdrawal" form. Therein, Manuel Hernandez reported, among other information, "TOTAL SCORE: 6 (max score 67)" with "Comments: NAD or SOB noted at this time."

52.     Around 10:42 a.m., Manuel Hernandez reported that JEREMIAH WRIGHT "Received" medications, including diazepam (Valium) and meclizine (Antivert).

53.     Around 5:10 p.m., Phajikarn Tse generated a "CIWA-Ar Score Sheet: Alcohol and/or Benzodiazepine Withdrawal" form. Therein, Phajikarn Tse reported, among other information, "TOTAL SCORE: 2 (max score 67)" with "Comments: CIWA Monitoring completed at 0905.NAD. Pt ambulated to cell door slow but with steady gait. sti near cell door for VS. A&Ox3. Breathing even and unlabored. PERRLA 3 mm. Speech clear, cooperative, answering question with full sentences and appropriate. Skin w/d/well perfused/ appropriated for race. Reported diarrhea. Increasing fluid strongly encouraged."

54.     Around 7:21 p.m., Phajikarn Tse reported that JEREMIAH WRIGHT "Received" medications, including diazepam (Valium) and meclizine (Antivert).

55.     Around 7:43 p.m., Phajikarn Tse reported "Per pt been having diarrhea, liquid feces on the floor noted. Per custody, been given new bed and clothing."

56.     On May 26, 2024, around 4:02 a.m., Harpreet Boparai-Sekhon, a nurse practitioner (NP), generated a "CIWA-Ar Score Sheet: Alcohol and/or Benzodiazepine Withdrawal" form. Therein, Harpreet Boparai-Sekhon reported, among other information, "TOTAL SCORE: [*blank*] (max score 67)"

11

with "Comments: Patient lying down. Easily awoken to verbal stimuli. Patient ambulated with steady gait. Alert with speech clear. Resp. even and unlabored. Skin color wnl to patient. MAEW. Stable, NAD noted. No tremor noted. patient took scheduled meds."

57.     Around 5:52 a.m., Harpreet Boparai-Sekhon reported that JEREMIAH WRIGHT "Received" medications, including diazepam (Valium) and meclizine (Antivert).

58.     Around 10:21 a.m., Kathleen Garcia, a registered nurse (RN), generated a "CIWA-Ar Score Sheet: Alcohol and/or Benzodiazepine Withdrawal" form. Therein, Kathleen Garcia reported, among other information, "TOTAL SCORE: 1 (max score 67)" with "Comments: Pt lying down. Ambulated with normal gait to cell door. Pt alert with speech clear. Respiratory even and unlabored. Skin WNL to patient. Able to follow direction when prompted. Pt took scheduled meds at this time. No distress noted."

59.     Around 1:40 p.m., Kathleen Garcia reported that JEREMIAH WRIGHT "Received" medications, including diazepam (Valium) and meclizine (Antivert).

60.     Around 6:10 p.m., Phajikarn Tse generated a "CIWA-Ar Score Sheet: Alcohol and/or Benzodiazepine Withdrawal" form. Therein, Phajikarn Tse reported, among other information, "TOTAL SCORE: 2 (max score 67)" with "Comments: CIWA Monitoring completed at 1810.NAD. Pt ambulated to cell door slow but with steady gait. Sit near cell door for VS. A&Ox3. Breathing even and unlabored. PERRLA 3 mm. Speech clear, cooperative, answering question with full sentences and appropriate. Skin w/d/well perfused/ appropriated for race. Reported diarrhea. X 2 pack of Gatorade given, drank. Increasing fluid strongly encouraged."

61.     Around 7:39 p.m., Judith Alejandre, a vocational nurse (LVN), reported that JEREMIAH WRIGHT "Received" loperamide (Imodium A-D).

62.     Around 7:49 p.m., Phajikarn Tse reported that JEREMIAH WRIGHT "Received" medications, including diazepam (Valium) and meclizine (Antivert).

**Death**

63.     JEREMIAH WRIGHT had access to a fatal quantity of fentanyl while incarcerated.

64.     Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20, sheriff's deputies, were responsible for monitoring and supervising JEREMIAH WRIGHT and his cell, including

12

through direct visual safety checks and closed-circuit television (CCTV) remote monitoring.

65. Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 failed to detect and/or prevent JEREMIAH WRIGHT's access a fatal quantity of fentanyl.

66. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE's deficient policies and customs related to drug screening, detection, and searches necessary to ensure the safety of inmates and prevent drugs from entering the Stanislaus County Sheriff's Detention Center enabled JEREMIAH WRIGHT's access to a fatal quantity of fentanyl while incarcerated.

67. Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 knew or should have known that JEREMIAH WRIGHT had access a fatal quantity of fentanyl based on the ability to observe and search JEREMIAH WRIGHT's person and cell, including through direct visual safety checks and closed-circuit television (CCTV) remote monitoring.

68. JEREMIAH WRIGHT obtained and ingested a fatal quantity of fentanyl inside of his cell.

69. Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 failed to detect and/or prevent JEREMIAH WRIGHT from ingesting a fatal quantity of fentanyl inside of his cell.

70. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE's deficient policies and customs related to supervision and monitoring of inmates necessary to ensure the safety of inmates and prevent drugs from being ingested at the Stanislaus County Sheriff's Detention Center enabled JEREMIAH WRIGHT from ingesting a fatal quantity of fentanyl inside of his cell.

71. Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 knew or should have known that JEREMIAH WRIGHT ingested a fatal quantity of fentanyl based on the ability to observe JEREMIAH WRIGHT's person and cell, including through direct visual safety checks and closed-circuit television (CCTV) remote monitoring.

72. Some time after ingesting fentanyl, JEREMIAH WRIGHT experienced a medical emergency causing him to became unconscious and unresponsive inside of his cell.

73. Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 did not detect and/or ignored JEREMIAH WRIGHT's medical emergency.

13

74.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF WARNKE's deficient policies and customs related to supervision and monitoring of inmates necessary to ensure the safety of inmates and timely to respond to inmates experiencing a medical emergency at the Stanislaus County Sheriff's Detention Center enabled the failure to detect and/or ignoring that JEREMIAH WRIGHT was experiencing a medical emergency.

75.     Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 knew or should have known that that JEREMIAH WRIGHT was experiencing a medical emergency based on the ability to observe JEREMIAH WRIGHT's person and cell, including through direct visual safety checks and closed-circuit television (CCTV) remote monitoring.

76.     On May 27, 2024, around 12:43 a.m., Defendant COLTON DUTEY reported over his radio that JEREMIAH WRIGHT was "unresponsive" inside of his cell.

77.     Thereafter, Phajikarn Tse reported the following occurrences:

(a)     Medical staff arrived "with ER bag and O2 tank."

(b)     "Upon arrival, pt on the ground, CPR initiated, compression started by [Defendant COLTON DUTEY] approximately 0046, O2 given via Ambu bag at 25L."

(c)     "At 0047, 1st Nasal Narcan given by [Defendant VICTOR SANTOYO], continue with CPR, large amount of black liquid came out of mouth during CPR noted, AMR called."

(d)     "At 0049, 2[nd] Nasal Narcan given by [Phajikarn Tse]."

(e)     "At 0050, AED applied, no shock advice, continue with CPR."

(f)     "At 0050, 1st IM Narcan given via L. Deltoid by [Phajikarn Tse], no response."

(g)     "At 0051, FSBG 217, pulse ox read 96-101."

(h)     "At 0052, pupil at 5mm fixed, non-reactive."

(i)     "At 0053, 2nd IM Narcan given by [Phajikarn Tse] via L. Deltoid."

(j)     "At 0056, pulse ox read at 91-101. Continue CPR by custody, no shock advice."

(k)     "At 0057, AMR arrives to B unit, report given."

(l)     "At 0059 Lucas machine initiated on pt, continue compression."

(m)     "At 0103, IV inserted below L. knee."

(n)     "At 0104, 1st dose of Epinephrine given by AMR personnel, pulse checks with

14

continue[d] rescue breath via Ambu bag."

(o)    "At 0107, 2nd dose of Epinephrine given, continue compression by Lucas."

(p)    "At 0111, x3 dose of [] Epinephrine given."

(q)    "At 0115, pause and check pulse, 4th dose of Epinephrine given."

(r)    "At 0120, AMR personnel making a call to doctor, time of dead called by doctor Peterson at DMC. Lucas stopped, AMR leaving B unit, and this nurse."

(s)    "At 0134, call to notified OCP, Sunny, Christina FNP and leave message."

(t)    "At 0138, Ely RN supervisor called, notified dead in custody via phone, aware."

78.    Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 exhibited deliberate indifference to JEREMIAH WRIGHT's safety and serious medical needs, where an intentional decision was made with respect to the conditions of his confinement and his serious medical condition which put him at substantial risk of suffering serious harm, and reasonable available measures to abate those risks were not taken, including sufficient monitoring and a timely response, and a reasonable official in the circumstances would have appreciated the high degree of risk involved, observed the need for intervention and immediate medical care, and responded appropriately to JEREMIAH WRIGHT's safety risks and medical emergency.

79.    Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 failed to utilize appropriate policies, training, standards, and procedures, in violation of California Code of Regulations title 15 § 1027.5 (Safety Checks); the California Commission on Peace Officer Standards and Training ("POST") Learning Doman 31 (Custody); and the Stanislaus County Sheriff's Department Policy & Procedure Manual – Adult Detention Division, including Policy 2-05.01 (Sobering Cell), Policy 8-01.01 GDP (Medical Services), Policy 9-01.01 (Security Inspections), Policy 9-03.01 (Interior & Exterior Facility Searches), and/or Policy 9-03.02 (Security Searches).

**Toxicology & Autopsy**

80.    On July 30, 2024, Central Valley Toxicology, Inc. reported "Fentanyl detected" in JEREMIAH WRIGHT's post-death femoral blood sample, including "Fentanyl = 1.8 ng/mL" and "Norfentanyl = 2.0 ng/mL."

81.    On August 14, 2024, the Stanislaus County Sheriff's Department Coroner's Division

reported JEREMIAH WRIGHT's "Cause of Death: Acute Fentanyl Toxicity."

**Public Records Request & Denial**

82.     On July 31, 2024, Plaintiffs ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT sent a California Public Records Act (CPRA) request to the custodians of records for Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT seeking, *inter alia*, "all records relating to the report, investigation, findings and administrative discipline related to the incarceration and in-custody death of the decedent Jeremiah Wright, including all records from the date of the decedent's incarceration beginning on May 24, 2024," including "the name(s) of all involved personnel…"

83.     On August 8, 2024, Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's records manager responded: "The Office objects to the request as the records you seek are records of investigations and investigative files. . . . The investigation is pending. Accordingly, the Office will not disclose those records."

84.     Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT refused to produce any records or information in response to Plaintiffs ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT's request.

## POLICY / CUSTOM ALLEGATIONS

85.     Defendant JEFF DIRKSE has been employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, including as a law enforcement officers since 2007, as sergeant since 2013, as lieutenant since 2015, and as sheriff-coroner since January 2019.

86.     Defendant JEFF DIRKSE, in his capacity as sheriff, is and was a final policymaking official for Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, including as it relates to the maintenance and operation of jail and detention facilities; training, supervision, and discipline of staff acting under his command; and the safekeeping of inmates/prisoners in his custody. *See* Cal. Const. Art. XI § 1(b); Cal. Pen. Code § 4000; Cal. Pen. Code § 4006; Cal. Gov. Code § 26605; Cal. Gov. Code § 26610. Specifically, Defendant JEFF DIRKSE is and was responsible for the safety of inmates and the provision of medical/healthcare to inmates/prisoners in

16

his custody at Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT's correctional facilities, including the monitoring and supervision of persons and contraband entering and within correctional facilities, and all related policies, procedures, customs, hiring, staffing, supervision, and training. *See* Stanislaus County Sheriff's Department's Policy & Procedure Manual – Adult Detention Division, Policy 1-02.01 GDP (Organizational Structure & Responsibility).

87.   Policies & Practices: Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE maintained inadequate polices, customs, training, and/or supervision, resulting in the following deficiencies:

(a)   failure adequately to observe, monitor, and supervise persons entering correctional facilities, including inmates/prisoners, custody staff, medical staff, and/or contracted staff;

(b)   failure adequately to search for and detect contraband entering correctional facilities, including controlled substances;

(c)   failure adequately to observe, monitor, and supervise inmates held in correctional facilities;

(d)   failure adequately to staff correctional facilities with necessary officials, staff, and personnel;

(e)   failure adequately to detect, investigate, intervene, and intercede in response to dangerous and emergency conditions in correctional facilities;

(f)   failure adequately to diagnose, monitor, and treat inmates' necessary and immediate medical needs in correctional facilities; and

(g)   failure adequately to summon and provide necessary and immediate medical care for inmates with necessary and immediate medical needs in correctional facilities.

88.   Legal & National Standards: Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE's policies and customs are inconsistent with state law and widely-accepted standards. For example:

(a)   California Code of Regulations title 15 § 1027 (Number of Personnel/Medical Receiving Screening)

17

(b)     California Code of Regulations title 15 § 1027.5 (Safety Checks)

(c)     California Code of Regulations title 15 § 1028 (Access to Treatment)

(d)     California Code of Regulations title 15 § 1210 (Individualized Treatment Plans)

(e)     California Code of Regulations title 15 § 1213 (Detoxification Treatment)

(f)     National Commission on Correctional Health Care ("NCCHC") Standards for Health Services in Jails, including J-A-01 (Access to Care); J-C-04 (Health Training for Correctional Officers); J-C-07 (Staffing); J-D-08 (Hospitals and Specialty Care); J-E-02 (Receiving Screening); J-E-04 (Initial Health Assessment); J-E-08 (Nursing Assessment Protocols and Procedures); J-E-09 (Continuity, Coordination, and Quality of Care During Incarceration); J-F-01 (Ongoing Care for Chronic Illness); and J-F-04 (Medically Supervised Withdrawal and Treatment).

(g)     Institute for Medical Quality ("IMQ") Standards, including 110 (Transfer of Inmates with Acute Illness); 204 (Basic Training for Correctional Personnel); 302 (Receiving Screening); 303 (Substance Abuse); 304 (Access to Treatment); 306 (Clinic Care); 307 (Health Inventory & Communicable Disease Screening); 318 (Standardized Procedures/Treatment Protocols); 319 (Continuity of Care); and 328 (Health Maintenance).

(h)     American Correctional Association ("ACA") Standards, including 4-ALDF-2A-15 (Staffing); 4-ALDF-5A-04, 4-ALDF-5A-06, 4-ALDF-5A-07 (Substance Abuse Programs); 4-ALDF-7B-10 (Training and Staff Development); 4-ALDF-4C-01 (Access to Care); 4-ALDF-4C-05 (Referrals); 4-ADLF-4C-22 (Health Screens); 4-ALDF-4C-24 (Health Appraisal), 4-ALDF-4C-25 (Health Appraisal); 4-ALDF-4C-36 (Detoxification); 4-ALDF-4C-37 (Management of Chemical Dependency); 4-ALDF-4D-20 (Transfer); 1-HC-1A-01 (Access to Care); 1-HC-4A-05 (Staffing/Referrals); 1-HC-4A-07 (Transfers); 1-HC-1A-19 (Health Screens); 1-HC-1A-22, 1-HC-1A-23 (Health Appraisal); 1-HC-1A-33 (Detoxification); and 1-HC-1A-34 (Management of Chemical Dependency).

89.     <u>Inadequate Supervision and Monitoring</u>: Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE maintained a policy or custom of inadequate supervision and monitoring of inmates, resulting in violation of constitutional rights of persons held in correctional facilities, including JEREMIAH WRIGHT. For example:

(a)     On January 19, 2024, a 51-year-old male pretrial detainee died of "Fentanyl

18

Intoxication" while in custody at the Stanislaus County Sheriff's Detention Center West, Housing Unit F. On information and belief, the inmate's fentanyl access and death was an avoidable result of inadequate supervision and monitoring.

(b)     On November 25, 2023, a 37-year-old male pretrial detainee died of "Mixed Drug Intoxication" while in custody at the Stanislaus County Sheriff's Detention Center West, Housing Unit E. On information and belief, the inmate's drug access and death was an avoidable result of inadequate supervision and monitoring.

(c)     On October 31, 2023, a 36-year-old male pretrial detainee died by "Suicide/Asphyxia" while in custody at the Stanislaus County Sheriff's Detention Center West, Housing Unit B. On information and belief, the inmate's death was an avoidable result of inadequate supervision and monitoring.

(d)     On June 10, 2023, a 65-year-old male pretrial detainee died by "Suicide" while in custody at the Stanislaus County Sheriff's Detention Center West, Housing Unit F. On information and belief, the inmate's death was an avoidable result of inadequate supervision and monitoring.

(e)     On May 3, 2022, 40-year-old Kevin Waite, a pretrial detainee, died of a suspected "drug overdose or medical issue" while in custody at the Stanislaus County Sheriff's Detention Center. He was discovered "unresponsive" in his cell following a "routine cell check" and no lifesaving efforts were performed because there were obvious signs of death. On information and belief, the inmate's drug access and/or death was an avoidable result of inadequate supervision and monitoring.

(f)     On January 29, 2022, 49-year-old Robert Inderbitzen, a pretrial detainee, died by cutting his arms with a blade from a shaving razor while in custody at the Stanislaus County Sheriff's Detention Center. On information and belief, the inmate's death was an avoidable result of inadequate supervision and monitoring.

(g)     On March 7, 2016, James Jack Jr., a pretrial detainee, was assaulted by another inmate, including being slammed to the ground and punched in the head causing skull fractures and brain laceration. He remained unconscious on the ground for about five minutes before other inmates moved him to a mattress. He was not discovered to be unconscious and in need of medical attention until about eight hours later. A civil rights lawsuit was filed. *Jack v. Stanislaus County*, No. 1:17-cv-0520-AWI-SAB

19

1  (E.D. Cal.); *Jack v. Pearson*, No. CV-20-000945 (Stanislaus Cnty. Super. Ct.). The case was settled

2  pretrial.

3          (h)     On October 24, 2015, 41-year-old Jeremy Lapachet, a pretrial detainee, was

4  injected with an unknown controlled substance by another inmate while in custody at the Stanislaus

5  County Sheriff's Detention Center. He was confined to a sobering cell, then a safety cell with elevated

6  vital signs. The next day, on October 25, he was observed bleeding from his nose and head. The next

7  day, on October 26, he was found lying prone in his cell with a pool of yellow and brown liquid around

8  his face. He was transported to the hospital where numerous injuries were reported, including a cervical

9  spine fracture at the C5 vertebrae causing paralysis from the neck down, a nondepressed skull fracture,

10  and a torn rotator cuff. A civil rights lawsuit was filed. *Lapachet v. County of Stanislaus*, No. 1:17-cv-

11  01226-DAD-EPG (E.D. Cal.). The case was settled pretrial for $11,500,000.

12       90.    Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S

13  DEPARTMENT, and JEFF DIRKSE do not meaningfully discipline, re-train, correct, or otherwise

14  penalize jail staff involved in critical incidents where preventable deaths and injuries are sustained by

15  inmates, including, on information and belief, those described above. Defendants COUNTY OF

16  STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE's routine

17  failure to hold jail staff accountable has created and encouraged an environment where jail staff believe

18  they can "get away with anything."

19       91.    Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S

20  DEPARTMENT, and JEFF DIRKSE were or should have been on notice regarding the need to

21  discontinue, modify, or implement new and different versions of the deficient policies or customs

22  because the inadequacies and deficiencies were so obvious and likely to result in the violation of rights of

23  persons, including the death of JEREMIAH WRIGHT.

24       92.    Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S

25  DEPARTMENT, and JEFF DIRKSE's inadequate policies, customs, training, supervision, and control of

26  personnel and inmates was a moving force behind and contributed to the death of JEREMIAH WRIGHT.

27  \ \ \

28  \ \ \

1

**FIRST CLAIM**

2

**Deliberate Indifference**

3

**(U.S. Const. Amend. XIV; 42 U.S.C. § 1983)**

4      93.     Plaintiff ESTATE OF JEREMIAH WRIGHT asserts this Claim (pursuant to California

5  Code of Civil Procedure § 377.30) against Defendants COUNTY OF STANISLAUS, STANISLAUS

6  COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and

7  DOE 1 to 20.

8      94.     The allegations of the preceding paragraphs 1 to 92 are realleged and incorporated, to the

9  extent relevant and as if fully set forth in this Claim.

10     95.     *Individual Liability*: Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to

11  20 inadequately supervised, monitored, and responded to JEREMIAH WRIGHT, putting him at

12  substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk,

13  where a reasonable official in the circumstances would have appreciated the high degree of risk involved,

14  in violation of the Fourteenth Amendment to the United States Constitution.

15     96.     *Municipal / Supervisory Liability*: Defendants COUNTY OF STANISLAUS,

16  STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE maintained policies or

17  customs of action and inaction resulting in harm to JEREMIAH WRIGHT, in violation of the Fourteenth

18  Amendment to the United States Constitution.

19     97.     Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's

20  actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to

21  constitutional rights, or were wantonly or oppressively done.

22     98.     JEREMIAH WRIGHT was injured as a direct and proximate result of Defendants

23  COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE,

24  COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions, entitling Plaintiff

25  ESTATE OF JEREMIAH WRIGHT to receive compensatory (survival) and nominal damages against

26  Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT,

27  JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20; and punitive damages

28  against Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JEREMIAH WRIGHT prays for relief as hereunder appears.

## SECOND CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

99.     Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT assert this Claim against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

100.     The allegations of the preceding paragraphs 1 to 98 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

101.     Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT shared a close relationship and special bond with JEREMIAH WRIGHT, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a loving relationship, prior to his death. Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT frequently visited and spoke with JEREMIAH WRIGHT and shared a loving relationship.

102.     *Municipal / Supervisory / Individual Liability*: Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 caused the unwarranted interference with, and premature termination of, Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT's familial association with JEREMIAH WRIGHT, in the violation of the Fourteenth Amendment to the United States Constitution.

103.     Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

104.     Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT were injured as a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions, entitling them to receive compensatory (wrongful death) and nominal damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT,

1  JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20; and punitive damages

2  against Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

3       WHEREFORE, Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT pray for relief as

4  hereunder appears.

5                                    **THIRD CLAIM**

6                    **Unwarranted Interference with Familial Association**

7                      **(U.S. Const. Amend. I; 42 U.S.C. § 1983)**

8       105.    Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT assert this Claim against

9  Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT,

10 JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

11      106.    The allegations of the preceding paragraphs 1 to 98 are realleged and incorporated, to the

12 extent relevant and as if fully set forth in this Claim.

13      107.    Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT shared a close relationship

14 and special bond with JEREMIAH WRIGHT, which included deep attachments, commitments, and

15 distinctively personal aspects of their lives and was typical of a loving relationship, prior to his death.

16 Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT frequently visited and spoke with

17 JEREMIAH WRIGHT and shared a loving relationship.

18      108.    *Municipal / Supervisory / Individual Liability*: Defendants COUNTY OF STANISLAUS,

19 STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR

20 SANTOYO, and DOE 1 to 20 caused the unwarranted interference with, and premature termination of,

21 Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT's familial association with JEREMIAH

22 WRIGHT, in the violation of the First Amendment to the United States Constitution.

23      109.    Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's

24 actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to

25 constitutional rights, or were wantonly or oppressively done.

26      110.    Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT were injured as a direct and

27 proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S

28 DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions

23

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Wright v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

and inactions, entitling them to receive compensatory (wrongful death) and nominal damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20; and punitive damages against Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

WHEREFORE, Plaintiffs A.W. and RODNEY WRIGHT AND ELLEN WRIGHT pray for relief as hereunder appears.

### FOURTH CLAIM

**Failure to Summon Medical Care**

**(Cal. Gov. Code § 845.6)**

111.    Plaintiff ESTATE OF JEREMIAH WRIGHT asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

112.    The allegations of the preceding paragraphs 1 to 92 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

113.    *Individual Liability*: Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 knew or had reason to know that JEREMIAH WRIGHT was in need of immediate medical care and failed to take reasonable action to summon such medical care, in violation of California Government Code § 845.6.

114.    *Municipal / Supervisory Liability*: Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE maintained policies or customs of action and inaction resulting in harm to JEREMIAH WRIGHT, in violation of California Government Code § 845.6.

115.    Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

24

116. Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

117. JEREMIAH WRIGHT was injured as a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JEREMIAH WRIGHT to receive compensatory (survival) and nominal damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20; and punitive damages against Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JEREMIAH WRIGHT prays for relief as hereunder appears.

## FIFTH CLAIM

### California Public Records Act

### (Cal. Gov. Code § 7920.000 *et seq.*)

118. Plaintiffs ESTATE OF JEREMIAH WRIGHT (pursuant to Cal. Code Civ. Proc. § 377.30), A.W., RODNEY WRIGHT, and ELLEN WRIGHT assert this Claim against Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

119. The allegations of the preceding paragraphs 1 to 84 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

120. Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT failed to produce public records, including in a timely and complete manner, in violation of California Government Code § 7920.000 *et seq.*

121. Plaintiffs ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT were injured as a direct and proximate result of Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT's actions and inactions, entitling them to receive declaratory and injunctive relief against Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

WHEREFORE, Plaintiffs ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and

25

ELLEN WRIGHT pray for relief as hereunder appears.

## SIXTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

122.     Plaintiffs ESTATE OF JEREMIAH WRIGHT (pursuant to California Code of Civil Procedure § 377.30), A.W., RODNEY WRIGHT, and ELLEN WRIGHT assert this Claim against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

123.     The allegations of the preceding paragraphs 1 to 121 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Deliberate Indifference / Special Relationship

124.     *Individual Liability*: Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 inadequately supervised, monitored, and responded to JEREMIAH WRIGHT, putting him at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, with deliberate indifference or reckless disregard, in violation of the Fourteenth Amendment to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

125.     *Municipal / Supervisory Liability*: Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE maintained policies or customs of action and inaction resulting in harm to JEREMIAH WRIGHT, with deliberate indifference or reckless disregard, in violation of the Fourteenth Amendment to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

Unwarranted Interference with Familial Association

126.     *Municipal / Supervisory / Individual Liability*: Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 caused the unwarranted interference with, and premature termination of, Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT's familial association with JEREMIAH WRIGHT, with deliberate indifference or reckless disregard, in violation of the First and Fourteenth

26

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Wright v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

Amendments to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

Failure to Summon Medical Care

127.     *Individual Liability*: Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 knew or had reason to know that JEREMIAH WRIGHT was in need of immediate medical care and failed to take reasonable action to summon such medical care, with deliberate indifference or reckless disregard, in violation of California Government Code § 845.6.

128.     *Municipal / Supervisory Liability*: Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE maintained policies or customs of action and inaction resulting in harm to JEREMIAH WRIGHT, with deliberate indifference or reckless disregard, in violation of California Government Code § 845.6.

California Public Records Act

129.     Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT failed to produce public records, including in a timely and complete manner, with deliberate indifference or reckless disregard, in violation of California Government Code § 7920.000 *et seq*.

(Allegations Common to All Theories)

130.     *Vicarious Liability*: Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

131.     Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

132.     JEREMIAH WRIGHT and Plaintiffs A.W., RODNEY WRIGHT, and ELLEN WRIGHT were injured as a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions, entitling Plaintiffs ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT to receive compensatory (survival and

27

wrongful death) and treble damages and civil/statutory penalties against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20; and punitive damages against Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

WHEREFORE, Plaintiffs ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT pray for relief as hereunder appears.

## SEVENTH CLAIM

### Intentional Infliction of Emotional Distress

133.    Plaintiff ESTATE OF JEREMIAH WRIGHT asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

134.    The allegations of the preceding paragraphs 1 to 84 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

135.    *Individual Liability*: Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 engaged in outrageous conduct, including by inadequately supervising, monitoring, and responding to JEREMIAH WRIGHT, in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, with intent or reckless disregard of the probability that JEREMIAH WRIGHT would suffer emotional distress and he did suffer severe emotional distress.

136.    Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

137.    JEREMIAH WRIGHT was injured as a direct and proximate result of Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JEREMIAH WRIGHT to receive compensatory (survival) and punitive damages against Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JEREMIAH WRIGHT prays for relief as hereunder appears.

\ \ \

## EIGHTH CLAIM

### Negligence

138.    Plaintiff ESTATE OF JEREMIAH WRIGHT asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

139.    The allegations of the preceding paragraphs 1 to 137 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

140.    *Individual Liability*: Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20 owed JEREMIAH WRIGHT a duty of care and breached that duty, including by inadequately supervising, monitoring, and responding to JEREMIAH WRIGHT, in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

141.    *Supervisory Liability*: Defendant JEFF DIRKSE owed JEREMIAH WRIGHT a duty of care (a) through Defendant JEFF DIRKSE's own conduct in creating or increasing an unreasonable risk of harm to JEREMIAH WRIGHT; (b) through Defendant JEFF DIRKSE's special relationship (employer-employee) with Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20; and/or (c) through Defendant JEFF DIRKSE's special relationship (jailer-prisoner) with, and affirmative duty to protect, JEREMIAH WRIGHT, and breached that duty including by maintaining policies or customs of action and inaction which resulted in harm to JEREMIAH WRIGHT in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

142.    *Municipal Liability*: Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT maintained policies or customs of action and inaction resulting in harm to JEREMIAH WRIGHT, in violation of California Government Code § 845.6, California Code of Regulations title 15 § 1027, and California Code of Regulations title 15 § 1027.5.

143.    *Vicarious Liability*: Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat*

29

*superior* and/or pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

144.    Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

145.    JEREMIAH WRIGHT was injured as a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JEREMIAH WRIGHT to receive compensatory (survival) damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20; and punitive damages against Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JEREMIAH WRIGHT prays for relief as hereunder appears.

### NINTH CLAIM

**Wrongful Death**

**(Cal. Code Civ. Proc. § 377.60)**

146.    Plaintiff A.W. asserts this Claim against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

147.    The allegations of the preceding paragraphs 1 to 145 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

148.    JEREMIAH WRIGHT and Plaintiff A.W. shared a natural parent-child relationship, and JEREMIAH WRIGHT held out Plaintiff A.W. as his own. For example, JEREMIAH WRIGHT frequently lived, visited, and spoke with Plaintiff A.W. and shared a loving father-son relationship, prior to JEREMIAH WRIGHT's death. JEREMIAH WRIGHT is the biological parent of Plaintiff A.W., and Plaintiff A.W. is JEREMIAH WRIGHT's heir and successor-in-interest.

149.    *Individual Liability*: Defendants COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to

30

20 caused JEREMIAH WRIGHT's death by wrongful act and neglect, including by inadequately supervising, monitoring, and responding to JEREMIAH WRIGHT, in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

150.    *Municipal / Supervisory Liability*: Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE caused JEREMIAH WRIGHT's death by wrongful act and neglect, including by maintained policies or customs of action and inaction resulting in harm to JEREMIAH WRIGHT in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

151.    *Vicarious Liability*: Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

152.    Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

153.    JEREMIAH WRIGHT died as a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20's actions and inactions, entitling Plaintiff A.W. to receive compensatory (wrongful death) damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20; and punitive damages against Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20.

WHEREFORE, Plaintiff A.W. prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT seek Judgment as follows:

31

1.      For an award of compensatory, general, special, and nominal damages (including survival and wrongful death damages under federal and state law) against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20, in excess of $20,000,000, according to proof at trial;

2.      For an award of exemplary/punitive damages against Defendants JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice resulting in great harm;

3.      For funeral and/or burial expenses;

4.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, and DOE 1 to 20, pursuant to California Civil Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, pursuant to California Civil Code § 818);

5.      For an award of declaratory and injunctive relief against Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, pursuant to California Government Code § 7923.000 *et seq*., including a peremptory writ of mandate compelling production of records described in California Penal Code § 832.10 immediately and without further delay; or, to the extent there are exceptional circumstances that make it unreasonable for production of any such records immediately, a peremptory writ of mandate compelling production of an estimated date that the records at issue will be available; or, a peremptory writ of mandate compelling production of a list of all records being withheld, specifying the exemptions for each record applicable; or, a writ of mandate compelling production of all requested records, except those records deemed exempt from disclosure;

6.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1, California Code of Civil Procedure § 1021.5, California Government Code

1  § 7923.115, and any other statute as may be applicable;

2         7.      For interest; and

3         8.      For an award of any other further relief, as the Court deems fair, just, and equitable.

4  Dated: September 16, 2024                Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF JEREMIAH WRIGHT, A.W.,
RODNEY WRIGHT, and ELLEN WRIGHT

33

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT.

Dated: September 16, 2024

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF JEREMIAH WRIGHT, A.W.,
RODNEY WRIGHT, and ELLEN WRIGHT