UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JEREMIAH WRIGHT, et al., | No. 2:24-cv-2505 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF STANSISLAUS, et al., | |
| Defendants. | |

Currently before the court are the parties' proposed schedules for compliance with the October 30, 2025 order granting plaintiff's motion to compel. ECF No. 24.

I. Relevant Background

The complaint alleges that Jeremiah Wright (Wright), whose estate and surviving family members have brought this action, died while in custody at the Stanislaus County Sheriff's Detention Center. ECF No. 1 at 1-2. At some point while in custody, Wright obtained access to a fatal quantity of fentanyl, which he ingested, causing his death on May 27, 2024, approximately seventy-two hours after he first entered the jail. Id. at 13-14. Plaintiffs have asserted various state and federal claims against defendants. Id. at 21-31.

On December 30, 2024, plaintiff Estate served defendant Stanislaus County with the first request for production, which consisted of eighty-one requests for production. ECF No. 21-1 at 7-21. A second request was served on June 9, 2025, that consisted of a single request seeking

1 documents that fell within the scope of the previous requests. Id. at 93-96. On September 24,
2 2025, plaintiff filed a motion to compel that sought to compel responses to Requests 1 and 82,
3 which seek documents, and particularly video, related to Wright's brief incarceration and death.
4 ECF No. 19. The motion to compel was granted and defendant was ordered to provide amended
5 responses. ECF No. 22. The supplemental responses are required to include a privilege log, if
6 applicable, and a certification by counsel that a second search for responsive documents was
7 conducted, that all responsive documents have been produced, and explaining the steps taken to
8 complete the second search. Id. at 15. The certification is permitted to incorporate specifically
9 cited testimony from the Rule 30(b)(6) depositions which were scheduled to take place on
10 November 14, 2025. Id.

Due to the lack of clarity regarding the volume of outstanding responsive materials, the
parties were directed to submit a joint proposed schedule for compliance with the order. Id. The
parties have now submitted their proposed schedules. ECF No. 24. The existing discovery
deadlines in this case are as follows: (1) disclosure of experts and their reports by March 30,
2026; (2) disclosure of rebuttal experts and their reports by May 4, 2026; and (3) discovery
completed[1] by June 1, 2026. ECF No. 10 at 2.

II.     Proposed Schedules

Plaintiffs propose full compliance with the October 30, 2025 order by December 12, 2025.
ECF No. 24 at 2.

Defendants propose production of all responsive documents currently in counsel's
possession and applicable privilege log by December 19, 2025, and production of any new
documents discovered in a second search along with any applicable privilege log and the required
certification by January 30, 2026. Id. at 5.

////

---

[1] "The word 'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than June 1, 2026." ECF No. 10 at 2-3.

III. Discussion

In ordering the parties to submit a proposed schedule, the undersigned ordered that "[f]or any deadline(s) upon which the parties are unable to agree, each party must provide a brief explanation of their position on the appropriateness of their proposed deadline." ECF No. 22 at 15.

Plaintiffs assert that their proposed deadline is appropriate because the requests for production were originally served on December 30, 2024, and as a result defendants have had more than sufficient time to serve complete responses. ECF No. 24 at 2. They proceed to focus more on the asserted unreasonableness of defendants' proposal rather than the reasonableness of their own. The court disregards those arguments. However, to the extent plaintiffs' arguments do support the reasonableness of their proposed scheduled (i.e., providing time to review for possible amendment of the complaint[2] and to complete other discovery that relies on the responses[3]), the court finds them to be well taken.

In support of a December 19, 2025 deadline for documents currently in defense counsel's possession, defendants assert that "counsel's firm is small and is comprised of 5 total attorneys" and that there remain approximately 4,000 pages of emails and their corresponding attachments that need review.[4] ECF No. 24 at 5. Defendants further request a January 30, 2026 deadline to conduct a second search and produce any new documents discovered during that search and

---

[2] Defendants argue that plaintiffs have not identified what additional information is lacking that would prevent them from amending the complaint with respect to California Forensic Medical Group, Inc. dba Wellpath LLC and its medical providers (ECF No. 24 at 9), and it appears from the complaint that plaintiffs already have a significant amount of information regarding medical providers' interactions with Wright (ECF No. 1 at 6-12). However, the unproduced documents may identify other individuals or conduct not already known to plaintiffs that may provide a basis for seeking amendment.

[3] Plaintiffs' argument that they cannot retain or consult experts until they have received all the outstanding discovery is overstated, and it is unclear why plaintiffs would be unable to even begin the process of identifying areas for expert testimony or retaining experts prior to the completion of discovery. See ECF No. 24 at 3. However, it is reasonable to expect that an expert's ability to complete their report or offer a complete opinion by the deadline could be affected by late production.

[4] It is not clear if the attachments are part of the 4,000 pages or constitute additional pages for review.

3

provide the required certificate. Id. They cite the numerous county employees counsel must contact to conduct a second search, the upcoming holidays, defense counsel's schedule, and obtaining transcripts of the Rule 30(b)(6) depositions. Id. at 5-9.

Considering it has been almost a year since plaintiffs first propounded their discovery requests, the court finds plaintiffs' proposed deadline for full compliance with the October 30, 2025 order to be reasonable. Though defendants attempt to justify their January 30, 2026 deadline for production of newly identified documents, privilege log, and certification in part on the scope of a second search, the court finds the potential scope of said search to be concerning in light of defendants' prior assertion that "clearly the County did double-check the information in its possession given that additional videos were produced." ECF No. 21 at 5. Moreover, while the court acknowledges counsel's obligations in other cases, they are equally obligated by their responsibilities in this case. Defendants have not come forward with any additional information that would lead the court to believe a deadline of December 12, 2025, would be unjust, and any burden in meeting such a deadline is one of defendants' own making. However, in light of the need to obtain transcripts of the recent depositions for potential incorporation into the certification and the upcoming Thanksgiving holiday, the court will briefly extend plaintiffs' proposed deadline for full compliance with the order compelling discovery to December 19, 2025.

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that defendant Siskiyou County shall fully comply with the October 30, 2025 order compelling discovery (ECF No. 22) no later than December 19, 2025.

DATED: November 20, 2025

_allison claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE