Jonathan B. Paul (SBN 215884)
Susan A. DeNardo (SBN 235166)
**RIVERA HEWITT PAUL LLP**
2355 Gold Meadow Way, Suite 170
Gold River, CA 95670
T: (916) 922-1200
F: (916) 922-1303
E: jpaul@rhplawyers.com
E: sdenardo@rhplawyers.com

Attorneys for Defendants
COUNTY OF STANISLAUS,
STANISLAUS COUNTY SHERIFF'S
DEPARTMENT, JEFF DIRKSE,
COLTON DUTEY, VICTOR SANTOYO,
GURWINDER SINGH, JAVIER GOMEZ,
and CHRISTOPHER GALLO

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT,<br><br>     Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO; and DOES 1 to 20,<br><br>     Defendants. | Case No. 2:24-cv-02505-WBS-AC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br><br>Date:   May 26, 2026<br>Time:  1:30 p.m.<br>Courtroom: 5, 14th Floor<br>Judge:  Hon. William B. Shubb |

Pursuant to FRE 201, Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, GURWINDER SINGH, JAVIER GOMEZ, and CHRISTOPHER GALLO request that the Court take judicial notice of the following:

///

///

- 1 -

**REQUEST FOR JUDICIAL NOTICE NO. 1:**

The Government Code Claim presented on behalf of plaintiffs ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT on or about June 25, 2024.

Judicial notice of this document is proper because it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Clark v. Upton*, 703 F. Supp. 2d 1037, 1042 (E.D. Cal. 2010) (taking judicial notice of filing date and content of tort claim); *D.K. ex rel. G.M. v. Solano County Office of Educ.*, 667 F. Supp. 2d 1184, 1189-90 (E.D. Cal. 2009) (same).

**REQUEST FOR JUDICIAL NOTICE NO. 2:**

California Code of Regulations, Title 15, section 1027.5 ("Safety Checks").

Judicial notice of this document is proper because it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Sunkett v. Boerum*, 2024 WL 4369900 at *2 (E.D. Cal. 2024) (taking judicial notice of certain provisions of Title 15 of the California Code of Regulations); *Bowell v. California Dep't of Corrections*, 2020 WL 4368087 at *2 (E.D. Cal. 2020) (judicial notice of provision of Title 15 of the California Code of Regulation is appropriate).

DATED:  April 14, 2026

RIVERA HEWITT PAUL LLP

*/s/ Susan A. DeNardo*

JONATHAN B. PAUL
SUSAN A. DENARDO
Attorneys for Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, COLTON DUTEY, VICTOR SANTOYO, GURWINDER SINGH, JAVIER GOMEZ, and CHRISTOPHER GALLO

REQUEST FOR JUDICIAL NOTICE ISO COUNTY DEF.S' MTD SAC

**REQUEST FOR JUDICIAL NOTICE**

# NO. 1

# THE BOARD OF SUPERVISORS
## OF THE COUNTY OF STANISLAUS
## STATE OF CALIFORNIA

**DATE:**          **6/25/2024**

**TO:**            **CEO'S Office (original)**

**FROM:**          Clerk of the Board of Supervisors

CLAIMANT:    **Estate of Jeremiah Wright (through the decedent's successor and the real party in interest, A.W., minor); A.W. (minor son of decedent); Rodney Wright (father of decedent); Ellen Wright (mother of decedent)**

**DELIVERED:**    US Mail

Patricia Gonzalez, Deputy Clerk

| RMD Date Stamp | | BOS Date Stamp SUPERVISORS |
|---|---|---|
| | | JUN 25 '24 PM2:44 |
| | | BOARD OF SUPERVISORS |
| | | JUN 25 '24 PM2:44 |

**CLAIM AGAINST THE COUNTY OF STANISLAUS**
**(Government Code Section 910.et seq.)**

Claimants:

Name Multiple Claimants (See Attachment)   SSN#_____   Date of Birth_____

Address_____

Phone Number_____

Name, address and phone number of person to receive notices concerning this claim.   Mark E. Merin
Law Office of Mark E. Merin, 1010 F Street, Suite 300, Sacramento, CA 95814

(916) 443-6911

Date and time when damage or injury occurred.   Approximately 05/27/2024

Location of occurrence.   Stanislaus County Sheriff's Detention Center West

Circumstances of occurrence.   See Attachment

Description of loss, damage or injury.   See Attachment

Name(s) of County Employee(s) causing injury, damage or loss, if known.   See Attachment

Amount claimed at present including estimated amount of any prospective loss.   Greater than $25,000 (Unlimited Civil Jurisdiction)

Names and addresses of witnesses, doctors and/or hospitals.   See Attachment

Claim must be signed and dated by claimant or person acting on claimant's behalf.

DATED:   06/17/2024   SIGNED:_____

Mark E. Merin, Attorney for Claimants

**~WARNING~**

Section 72 of the Penal Code provides:

"Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, town, city, district, ward or village board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, or account, voucher, or writing, is guilty of a felony"

This document is a public record and pursuant to the California Public Record Act must be made available for inspection and copying upon the request of any person, including, but not limited to a representative of the news media. (Please see California Government Code sections 6250 et seq.)

**SEE REVERSE SIDE FOR INSTRUCTIONS**

MARK E. MERIN
mark@markmerin.com

PAUL H. MASUHARA
paul@markmerin.com

LAW DEPARTMENT OF
# MARK E. MERIN
ATTORNEY AT LAW

## ATTACHMENT

## GOVERNMENT CLAIM RE: IN-CUSTODY DEATH OF JEREMIAH WRIGHT AGAINST
## COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, SHERIFF JEFF DIRKSE, AND UNKNOWN OFFICIALS

### Demand to Preserve Evidence

Claimants demand that the County of Stanislaus, Stanislaus County Sheriff's Department, Sheriff Jeff Dirkse, and their officials, officers, agents, contractors, and employees take all necessary steps to preserve all records related to the incident described herein—including, for example, documents (*e.g.*, police/incident reports, assignment, custody, and classification logs/sheets, medical records, witness statements, etc.), audio and video recordings (*e.g.*, surveillance recordings, body-worn camera recordings, recording activation data, witness statement recordings), communications (*e.g.*, email messages, SMS/text messages, MDT messages), 911 telephone calls, radio communications (whether on the main channel or other channels), computer communications, Computer Assisted Dispatch ("CAD") reports/logs, PIC, and other radio transmissions or print purges.

**(a)    Claimants**

- Estate of Jeremiah Wright (through the decedent's successor and the real party in interest, Austin Wright)
- Austin Wright (surviving biological son of the decedent Jeremiah Wright)
- Rodney Wright (surviving biological father of the decedent Jeremiah Wright)
- Ellen Wright (surviving biological mother of the decedent Jeremiah Wright)

**(b)    Address Where Notices to Be Sent**

Mark E. Merin
Law Office of Mark E. Merin
1010 F Street, Suite 300
Stanislaus, CA 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
Email: mark@markmerin.com

**(c)    Date, Place, and Circumstances Giving Rise to the Claim**

38-year-old Jeremiah Wright (D.O.B. 05/30/1985) died in custody of the Stanislaus County Sheriff's Department at the Stanislaus County Sheriff's Detention Center West on or about May 27, 2024. The decedent was survived by his child, Austin Wright, and parents, Rodney Wright and Ellen Wright.

Attachment
Government Claim Re: In-Custody Death of Jeremiah Wright
Page 2 of 3

LAW DEPARTMENT OF
**MARK E. MERIN**
ATTORNEY AT LAW

The decedent, an individual struggling with addiction issues, was arrested on or about May 24, 2024, on charges including violations of California Penal Code § 4573.5, California Vehicle Code § 23152(a), California Vehicle Code § 23152(b), and California Vehicle Code § 14601.2. The decedent was booked and processed into the Stanislaus County Sheriff's Detention Center West. The decedent was under the influence at the time of booking and processing.

On information and belief, the jail staff, including custody and medical staff, failed adequately to intake, house, monitor, and/or respond to the decedent's immediate medical needs, including based on his medical history and/or condition. For example, the jail staff could have treated the decedent, transferred him to a facility that could provide adequate care, or more frequently monitored him to ensure that his condition did not deteriorate. Additionally, the jail staff could have responded more quickly to the decedent's immediate medical needs and summoned medical care, if adequate screening and monitoring had occurred. The jail staff's deliberate indifference to the decedent's immediate medical needs caused his death. The jail staff's actions and inactions failed to comply with national, state, and local standards, including California Code of Regulations title 15 § 1027 *et seq.* and the standards set forth by the National Commission on Correctional Health Care's ("NCCHC") Standards for Health Services in Jails; Institute for Medical Quality ("IMQ"); American Correctional Association ("ACA"); California Commission on Peace Officer Standards and Training ("POST"); and the Stanislaus County Sheriff's Department and/or California Forensic Medical Group dba Wellpath policies and procedures.

**(d)     Description of Injury, Damage, or Loss Incurred**

Based on the circumstances described above, the decedent and his survivors sustained violations of civil and constitutional rights under federal and state law, entitling them to receive loss-of-life and wrongful death damages.

Claimant Estate of Jeremiah Wright, through the decedent's successor and the real party in interest, Autsin Wright (pursuant to California Code of Civil Procedure § 377.30), contemplates bringing the following claims, without limitation: (1) Unreasonable Post-Arrest Medical Care (U.S. Const. Amend. IV; 42 U.S.C. § 1983); (2) Deliberate Indifference / Special Relationship (U.S. Const. Amend. XIV; 42 U.S.C. § 1983); (3) Section 504 of the Rehabilitation Act (29 U.S.C. § 701, *et seq.*); (4) Title II of the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*); (5) Unreasonable Post-Arrest Medical Care (Cal. Const. Art. I § 13); (6) Failure to Summon Care (Cal. Gov. Code § 845.6); (7) Ralph Civil Rights Act (Cal. Civ. Code § 51.7); (8) Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1); (9) Intentional Infliction of Emotional Distress; and (10) Negligence.

Claimants Austin, Rodney Wright, and Ellen Wright contemplate bringing the following claims on their own behalf, without limitation: (1) Unwarranted Interference with Familial Association (U.S. Const. Amend. XIV; 42 U.S.C. § 1983); (2) Unwarranted Interference with Familial Association (U.S. Const. Amend. I; 42 U.S.C. § 1983); (3) Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1); and (4) Wrongful Death (Cal. Code Civ. Proc. § 377.60).

**(e)     Responsible Parties**

The County of Stanislaus and Stanislaus County Sheriff's Department's agents, contractors, and employees acting within the scope of agency or employment are responsible for the decedent and

1010 F STREET, SUITE 300, STANISLAUS, CALIFORNIA 95814 • (916) 443-6911 • FAX (916) 447-8336

Attachment
Government Claim Re: In-Custody Death of Jeremiah Wright
Page 3 of 3

LAW DEPARTMENT OF
**MARK E. MERIN**
ATTORNEY AT LAW

Claimants' injuries, including the jail staff who were responsible for the decedent's supervision and care and involved in the incidents described above, who demonstrated deliberate indifference and negligence to the screening, classification, housing, supervision, monitoring, and/or response to the decedent's immediate medical needs.

The County of Stanislaus, Stanislaus County Sheriff's Department, Sheriff Jeff Dirkse, and other currently-unknown supervisory officials are also responsible for the decedent and Claimants' injuries, as a result of the lack of proper supervision, training, or discipline; pursuant to policy or custom; and/or the result of the lack of policy or custom. The County of Stanislaus, Stanislaus County Sheriff's Department, Sheriff Jeff Dirkse, and other currently-unknown supervisory officials are directly responsible for condoning known or obviously deficient conduct carried out by their subordinates, and for establishing policies or customs of action or inaction that caused and contributed to the decedent and Claimants' injuries. For example, a policy or custom of inadequate screening, classification, housing, supervision, monitoring, and/or response to inmates' immediate medical needs. In addition, the County of Stanislaus and Stanislaus County Sheriff's Department are vicariously responsible, through the principles of *respondeat superior*, for the actions and inactions of their officers, agents, contractors, and/or employees. *See* Cal. Gov. Code § 815.2(a).

The multiple and currently-unknown County of Stanislaus and Stanislaus County Sheriff's Department personnel, agents, contractors, and/or employees are responsible for actions and inactions causing the decedent and Claimants' injuries.

**(f)     Damages & Jurisdiction**

The amount claimed exceeds $10,000. If filed in a Superior Court of California, the action would qualify for Unlimited Civil Case Jurisdiction, as the amount in controversy would exceed $25,000.

## DECLARATION OF SERVICE

### Government Claim Re: In-Custody Death of Jeremiah Wright

I, Paul H. Masuhara, declare:

I am a citizen of the United States, over 18 years of age, employed in the County of Sacramento, California, and not a party to the within action. My business address is 1010 F Street, Suite 300, Sacramento, CA 95814.

On June 17, 2024, I served the within "GOVERNMENT CLAIM RE: IN-CUSTODY DEATH OF JEREMIAH WRIGHT AGAINST COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, SHERIFF JEFF DIRKSE, AND UNKNOWN OFFICIALS" in the following manner:

XXX   BY MAIL:   I am familiar with this company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the city of Sacramento, California, during the normal course of business on the same day it is placed in the designated area. I placed a true copy of said document, enclosed in a sealed envelope with first class postage affixed in the designated area for outgoing mail, addressed as set forth below:

County of Stanislaus
Board of Supervisors
1010 10th Street, Suite 6500
Modesto, CA 95354

Stanislaus County Sheriff's Department
250 E. Hackett Road
Modesto, CA 95358

XXX   BY E-MAIL:   I sent by electronic mail ("e-mail") a true copy of said document to the e-mail address provided below:

<liz.king@stancounty.com>          <jdirkse@stanislaussheriff.com>

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on June 17, 2024, at Sacramento, California.

## / ORIGINAL SIGNED BY: /

_____
Paul H. Masuhara

DECLARATION OF SERVICE

**REQUEST FOR JUDICIAL NOTICE**

# NO. 2

Barclays California Code of Regulations
Title 15. Crime Prevention and Corrections
Division 1. Board of State and Community Corrections
Chapter 1. Board of State and Community Corrections
Subchapter 4. Minimum Standards for Local Detention Facilities
Article 3. Training, Personnel, and Management

15 CCR § 1027.5

## § 1027.5. Safety Checks.

Effective: January 1, 2023
Currentness

The facility administrator shall develop and implement policy and procedures for conducting safety checks that include, but are not limited to, the following:

(a) Safety checks will determine the safety and well-being of individuals and shall be conducted at least hourly through direct visual observation of all people held and housed in the facility.

(b) There shall be no more than a 60-minute lapse between safety checks.

(c) Safety checks for people in sobering cells, safety cells, and restraints shall occur more frequently as outlined in section 1055, section 1056, and section 1058 of these regulations.

(d) Safety checks shall occur at random or varied intervals.

(e) There shall be a written plan that includes the documentation of all safety checks. Documentation shall include:

(1) the actual time at which each individual safety check occurred;

(2) the location where each individual safety check occurred, such as a cell, module, or dormitory number; and,

(3) Initials or employee identification number of staff who completed the safety check(s).

(f) A documented process by which safety checks are reviewed at regular defined intervals by a supervisor or facility manager, including methods of mitigating patterns of inconsistent documentation, or untimely completion of, safety checks.

**Credits**

Note: Authority cited: Section 6030, Penal Code. Reference: Section 6030, Penal Code.

History

1. New section filed 1-26-2017; operative 4-1-2017 (Register 2017, No. 4).

2. Amendment filed 11-17-2022; operative 1-1-2023 (Register 2022, No. 46).

This database is current through 1/9/26 Register 2026, No. 2.

Cal. Admin. Code tit. 15, § 1027.5, 15 CA ADC § 1027.5

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.