UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT,<br><br>            Plaintiffs,<br><br>        v.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GURWINDER SINGH, JAVIER GOMEZ, COLTON DUTEY, CHRISTOPHER GALLO, VICTOR SANTOYO, CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH LLC, WELLPATH MANAGEMENT, INC., SUNNY BASSI, IRENE GARRAD, PHAJIKARN TSE, HARPREET BOPARAI-SEKHON, KATHLEEN GARCIA, and DOE 1 to 20,<br><br>            Defendants. | No. 2:24-cv-02505 WBS AC<br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

        In an opinion issued earlier this year, the Ninth Circuit explicated upon the nature of and problems caused by so-called "shotgun pleadings."  In that opinion, the Ninth Circuit

1

first defined a "shotgun pleading" as "one where a party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult." Gibson v. City of Portland, 165 F.4th 1265, 1288 (9th Cir. 2026) (alterations in original).

The Ninth Circuit clarified that while "[i]ncorporation by reference is permitted by [Federal] Rule[s of Civil Procedure] 10(b) and (c), . . . when it is used indiscriminately, it becomes a shortcut by counsel that violates [Federal] Rule [of Civil Procedure] 8." Id. The court went on to emphasize that "district courts do not have to accept such shotgun pleadings" because "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." Id. at 1289.

Plaintiffs' 74-page second amended complaint, consisting of some fifty-two pages of factual allegations, followed by eleven claims that span the remaining twenty-three pages of the complaint constitutes a classic example of textbook shotgun pleading. That it is structured as a mass of over two hundred factual allegations followed by conclusorily-pled legal claims strongly suggests that the second amended complaint "seek[s] to overwhelm defendants . . . and make it difficult to impossible for [them] to make informed responses to the plaintiff[s'] allegations." A.B. v. Hilton Worldwide Holdings

2

Inc., 484 F. Supp. 3d 921, 943 (D. Or. 2020).

Critically, the second amended complaint "fails to connect its factual allegations to the elements comprising plaintiff[s'] claims such that it denies the parties adequate notice of the allegations supporting each cause of action." Id. (collecting cases); see also Gibson, 165 F. 4th at 1290 ("Shotgun pleading undermines a fundamental purpose of Rule 8, which is to provide defendants with adequate notice of the plaintiff's claims, including the facts and the legal basis for relief."); Deerpoint Grp., Inc. v. Agrigenix, LLC, 345 F. Supp. 3d 1207, 1234 n.15 (E.D. Cal. 2018). As such, plaintiffs' second amended complaint fails to comply with the pleading requirements of Rule 8.[1]

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Docket Nos. 77, 89) be, and the same hereby are, GRANTED.

Plaintiffs have twenty-one (21) days to amend their complaint if they can do so consistent with this Order.

Dated:  June 3, 2026

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1]   Although not all defendants raise the issue of whether plaintiffs' second amended complaint should be dismissed because it is a shotgun pleading (see Docket Nos. 77-1, 89), "the district court has inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." Gibson, 165 F. 4th at 1289 (quotations omitted).