UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ESTATE OF JEREMIAH WRIGHT, A.W., RODNEY WRIGHT, and ELLEN WRIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRSKE, COLTON DUTEY, VICTOR SANTOYO, GURWINDER SINGH, JAVIER GOMEZ, CHRISTOPHER GALLO, CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH LLC, WELLPATH MANAGEMENT, INC., SUNNY BASSI, IRENE GARRAD, PHAJIKARN TSE, HARPREET BOPARAI-SEKHON, KATHLEEN GARCIA, and JOE CAPORGNO,<br><br>Defendants. | No. 2:24-cv-02505 WBS AC<br><br>ORDER |

----oo0oo----

Before the court is plaintiffs' request for reconsideration of the magistrate judge's denial of several of plaintiffs' discovery motions. (Docket Nos. 117, 118.)

## I. Legal Standard

A magistrate judge's orders on a nondispositive motion "shall be upheld unless 'clearly erroneous or contrary to law.'" Xuan Thi Phan v. JetBlue Airways Corp., No. 2:16-cv-2328 WBS DB, 2018 WL 3239991, at *1 (E.D. Cal. July 2, 2018) (quoting Fed. R. Civ. P. 72(a)); L.R. 303(f). "This standard is highly deferential, and does not allow the reviewing court to simply substitute its judgment for that of the deciding court." Barnes-Boers v. TRU 2005 REI, LLC, No. 2:13-cv-1827 WBS, 2014 WL 1775491, at *1 (E.D. Cal. May 2, 2014) (citations and quotations omitted).

## II. Discussion

### A. Motions for Sanctions

#### i. Failure to Conduct a Reasonable Inquiry and Failure to Preserve Relevant Evidence

On January 14, 2026, plaintiffs moved for sanctions against defendants based on defendants' failure to produce several surveillance videos of decedent during his detention. (Docket No. 39.) Plaintiffs argued that, in failing to produce these videos, defendants violated their duty to preserve relevant evidence, and both defense counsel and defendants violated their duty to conduct a reasonable inquiry in response to plaintiffs' discovery requests. (Docket No. 39-1 at 12-23.) Two days after plaintiffs filed their motion, defendants produced several, but not all, of the initially unproduced videos identified in plaintiffs' motion for sanctions. (Docket No. 75 at 8, 10.) The magistrate judge denied plaintiffs' motion for sanctions as moot because defendants ultimately produced several of the initially

unproduced videos. (Order (Docket No. 117) at 13.)

As for the videos defendants ultimately produced, the magistrate judge correctly found that defendants' production of these videos mooted plaintiffs' arguments that defendants failed to preserve those videos. Moreover, the court finds defendants conducted a reasonable inquiry regarding these videos. (See Docket No. 50-1 at 13-58.) As for the videos that defendants have not yet produced, defendants represented that they began their search for them in November of 2024 -- just two months after plaintiffs filed this lawsuit -- and discovered that the videos were lost in a hard drive crash, through no fault of defendants. (See Docket No. 50 at 3.) Defendants thus did not fail to preserve these videos, nor did they fail to conduct a reasonable inquiry. The court also finds defendants' counsel's inquiry into the missing videos was reasonable. (Docket No. 50-1 at 44-48.) Plaintiffs have thus failed to demonstrate they are entitled to sanctions for failure to preserve or failure to conduct a reasonable inquiry.

ii. Failure to Comply with Court Order

On March 25, 2026, plaintiffs filed a second sanctions motion against defendants. (Docket No. 67.) Plaintiffs argued that the magistrate judge had ordered defendants to certify by December 19, 2025 "'that all responsive documents have been produced.'" (Id. at 8 (quoting Docket No. 22 at 15; Docket No. 26 at 4).) Although defendants certified on December 19, 2025, that they had produced all responsive documents, defendants nevertheless produced several additional surveillance videos of decedent on January 16, 2026. (Id. at 8-9.) Plaintiffs argued

defendants' belated production of these videos, despite defendants' prior certification that they had produced all responsive materials, was a violation of the magistrate judge's order. (Id. at 8-15.)

The magistrate judge denied plaintiffs' second motion for sanctions for three reasons:

> First, the requested video has now been produced, so there should be no substantive harm to plaintiffs' case. Second, despite the fact that this case has been pending for nearly two years, it remains at the pleading stage: the operative [third amended complaint] was filed relatively recently, in late May of 2026, and there are motions to dismiss pending. ECF Nos. 100, 102. Again, this fact undercuts any argument that plaintiffs are substantively harmed by the belated production. Third and finally, discovery in this case has been over-litigated. At a minimum, plaintiffs should have withdrawn their first motion for sanctions when the change in circumstances rendered it moot.

(Order at 14.)

Plaintiffs argue the magistrate judge's finding that "the requested video has now been produced" is clearly erroneous because defendants have still not produced several videos of decedent while he was detained. (Mot. (Docket No. 118) at 11-12.) However, plaintiffs' second motion for sanctions focused on defendants' belated production of certain videos, not defendants' failure to produce other videos. (See Docket No. 67-1 at 9-15.) The magistrate judge's finding that "the requested video has now

been produced" is therefore not clearly erroneous.

Plaintiffs also argue the magistrate judge's denial of plaintiffs' request for sanctions is contrary to law because "[b]elated compliance with discovery orders does not preclude the imposition of sanctions." (Mot. at 12 (collecting cases) (alteration in original).) But the mere fact that the magistrate judge was not precluded from awarding sanctions does not mean she abused her discretion in declining to award sanctions. See Gerawan Farming, Inc. v. Rehrig Pac. Co., No. 1:11-CV-01273-LJO, 2013 WL 398740, at *5 (E.D. Cal. Jan. 31, 2013) ("'A district court has broad discretion in deciding whether to impose sanctions pursuant to Rule 37.'") (quoting Lew v. Kona Hosp., 754 F.2d 1420, 1425–26 (9th Cir. 1985)). Plaintiffs have identified no facts from which this court should conclude the magistrate judge abused her discretion in declining to award sanctions.

B. Motions to Compel

i. Responses to Plaintiffs' Third and Fifth Interrogatories

Plaintiffs moved to compel defendants to respond to plaintiffs' third and fifth interrogatories. (Docket No. 105.) These interrogatories seek identifications of "each person who interacted with," and "each person who was present during checks on," decedent while he was detained. (Docket No. 109 at 4-5.) Plaintiffs request that the identifications include:

> (a) The name of each person; (b) The position of each person (e.g., correctional deputy, nurse, inmate, etc.); (c) The title/rank of each person (e.g., floor officer, nurse, trustee, etc.); (d) The date and time

> when each person interacted with [decedent]; and (e) The nature of the interaction each person had with [decedent] (e.g., safety check, medical check, CIWA assessment, pill distribution, conversation, etc.).

(Id.)

Defendants objected to these interrogatories and proposed a compromise wherein defendants would produce a "list of individuals working on Jeremiah Wright's pod during his incarceration" (Docket No. 109 at 11), which "could be used in conjunction with already produced medical records, as well as depositions, to determine the identity of any person of interest to plaintiffs" (Order at 12). Plaintiffs nevertheless moved to compel responses to these interrogatories, arguing (in relevant part) that defendants' proposed compromise does not comply with Rule 33(d). (Docket No. 109 at 9-13.) The magistrate judge found defendants' proposed compromise acceptable, reasoning that "Plaintiffs are equally as capable as the County defendants of matching the names on the proposed list to the previously produced documents by running search terms." (Order at 13.)

Plaintiffs argue the magistrate judge's finding is clearly erroneous because the custody and medical records defendants produced do not provide enough information from which plaintiffs can "match[] the names on the proposed list." (Mot. at 14 (alteration in original).) However, regardless of whether the custody and medical records (together with defendants' proposed list of individuals) would be sufficient to provide all the information plaintiffs requested, plaintiffs do not dispute the magistrate judge's finding that plaintiffs could take

depositions to gather any missing identifying information. (See Order at 12 (defendants' proposed list "could be used in conjunction with already produced custody and medical records, as well as depositions, to determine the identity of any person of interest to plaintiffs").) Plaintiffs thus failed to show that the magistrate judge's findings were clearly erroneous.

Plaintiffs also argue that the magistrate judge's findings do not comply with Rule 33(d) and are thus contrary to law. (Mot. at 14-16.) Rule 33(d) permits a party to respond to interrogatories by reference to the party's business records, so long as the party "specif[ies] the records . . . in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). The magistrate judge's proposal -- wherein plaintiffs would run term searches on defendants' document production based on defendants' proposed list of individuals -- is sufficiently specific in this case under Rule 33(d), particularly given plaintiffs' familiarity with the custody and medical records defendants contend are responsive to this interrogatory. The magistrate judge's proposal is accordingly not contrary to law.

ii. Defendants' Withholding of Documents Pursuant to Privilege Objections

Plaintiffs moved to compel the production of withheld documents identified on defendants' privilege log. (Docket No. 42.) Plaintiffs argued defendants waived their privilege objections under the factors outlined in Burlington Northern & Santa Fe Railway Co. v. United States District Court for the District of Montana -- i.e., the adequacy of the privilege

assertion, the timeliness of the privilege assertion, "the magnitude of the [withheld] document production[,] and other particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard," 408 F.3d 1142, 1149 (9th Cir. 2005). (Docket No. 42 at 9-11). Plaintiffs also argued that, even if defendants had not waived their privilege objections, the objections were unsupported. (Docket No. 42 at 11-18.)

The magistrate judge held that defendants did not waive the attorney-client privilege, and that defendants' assertion of the privilege was adequately supported. Specifically, the magistrate judge found that defendants' privilege log was timely because they served it by the deadline set by the magistrate judge, December 19, 2025. (Order at 9). The magistrate judge further found defendants adequately asserted the attorney-client privilege in their privilege log by providing "the names of the authors and recipients, subject matter, date, brief but adequate descriptions, the nature of the privilege, and bates numbers." (Id. at 9-10 (citing In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992)).)

Plaintiffs challenge both the magistrate judge's determination that defendants did not waive their privilege objections and that defendants' privilege objections were adequately supported.

a. Waiver

Plaintiffs first challenge the magistrate judge's finding that defendants did not waive their privilege objections. Plaintiffs argue the magistrate judge's finding that the service

of defendants' privilege log was "sufficiently timely" is clearly erroneous because the magistrate judge had previously indicated that "[p]rivilege logs are due at the time a discovery response is made." (Mot. at 18 (citing Docket No. 22 at 7, 9-10).) The magistrate judge later provided, however, that defendants had until December 19, 2025 to serve their privilege log. (Docket No. 26 at 4.) Defendants undisputedly served their privilege log on December 19, 2025 (see Mot. at 18), and plaintiffs have not argued that defendants' serving an amended privilege log the following day violated the magistrate judge's December 19, 2025 deadline. The magistrate judge's finding was, therefore, not clearly erroneous.

Plaintiffs also argue the magistrate judge's finding that defendants did not waive their privilege objections was contrary to law. First, plaintiffs object to the magistrate judge's consideration of only the first two Burlington factors (adequacy of privilege assertions and timeliness) and not the final two (size of the withheld production and "other particular circumstances of the litigation that make responding to discovery unusually easy"). (Mot. at 19-20); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005). According to plaintiffs, "the Magistrate Judge's ruling is contrary to law because it 'failed to consider an element of applicable standard.'" (Id. at 19 (quoting Aldapa v. Fowler Packing Co. Inc., No. 1:15-cv-00420-DAD-SAB, 2016 WL 3361807, at *1 (E.D. Cal. June 16, 2016).)

Plaintiffs are incorrect. The Ninth Circuit in Burlington announced "factors" -- not elements -- a court should

consider in assessing whether a party waives a privilege objection to document requests. 408 F.3d at 1149 (further instructing that the factors "should be applied in the context of a holistic reasonableness analysis" and "should not be applied as a mechanistic determination of whether the information is provided in a particular format"). The magistrate judge's finding that the adequacy and timeliness of defendants' objections alone sufficed to show defendants had not waived their privilege objection was accordingly not contrary to law.

Second, plaintiffs object to the magistrate judge's analysis of the adequacy of defendants' privilege objections under Burlington. (Mot. at 19.) Plaintiffs argue that the contents of the privilege log the magistrate judge relied on -- i.e., "the names of the authors and recipients, subject matter, date, brief but adequate descriptions, the nature of the privilege, and bates numbers" (Order at 9-10) -- are insufficient under In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992) (Mot. at 19).

In Grand Jury Investigation, the Ninth Circuit found a privilege log that included the following information sufficient to assert the attorney-client privilege: "the attorney and client involved, . . . the nature of the document, . . . all persons or entities shown on the document to have received or sent the document, . . . and . . . the date the document was generated, prepared, or dated." 974 F.2d at 1071.[1] Plaintiffs do not

[1] The court further found that "[w]hatever questions the [privilege] log might leave open with regard to whom the documents were shown or were intended to be shown are answered to our satisfaction by the affidavits of the attorneys responsible

explain in their motion how defendants' privilege log is deficient relative to the one in Grand Jury Investigation. Moreover, nothing in Grand Jury Investigation indicates that the Ninth Circuit was outlining the minimum standard for a privilege log. Plaintiffs thus failed to show defendants' privilege log was insufficient. See Fed. R. Civ. P. 26(b)(5)(A) (a privilege log must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim").

Third, plaintiffs object to the magistrate judge's analysis of the privilege log's timeliness under Burlington. As the court has already held, however, plaintiffs do not dispute that defendants served their privilege log by the magistrate judge's deadline of December 19, 2025. Nor have plaintiffs argued that defendants' serving an amended privilege log the following day violated the magistrate judge's deadline. (Mot. at 19-20.) Plaintiffs thus failed to show defendants' privilege log was untimely.

b. Support for Privilege Objections

Plaintiffs finally argue the magistrate judge's ruling is contrary to law because the magistrate judge improperly analyzed defendants' privilege objections. First, plaintiffs argue that the magistrate judge "failed to address or analyze the elements of the attorney-client privilege." (Mot. at 20.) But the magistrate judge did not need to address the elements of the

---

for preparing the documents." Grand Jury Investigation, 974 F.2d at 1071.

attorney-client privilege, because the service of an adequate privilege log "is a means of sufficiently establishing the [attorney-client] privilege." Grand Jury Investigation, 974 F.2d at 1071. The court has already found that plaintiffs failed to show that defendants' privilege log was inadequate. Therefore, plaintiffs have failed to show that the magistrate judge's finding that the attorney-client privilege applied was contrary to law.

Second, plaintiffs argue that the magistrate judge "failed to analyze" plaintiffs' arguments that the work-product doctrine does not apply to the withheld documents. (Mot. at 21.) But each document withheld pursuant to a work-product privilege is also withheld pursuant to the attorney-client privilege. As the court has already rejected plaintiffs' objections to the finding that defendants have properly asserted the attorney-client privilege, the court need not address whether the magistrate judge's findings regarding the work-product privilege were contrary to law.

IT IS THEREFORE ORDERED that plaintiffs' motion for reconsideration (Docket No. 118) be, and the same hereby is, DENIED.

Dated: September 14, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE